TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00235-CV







In re Sara Steed, et al.






ORIGINAL PROCEEDING FROM SCHLEICHER COUNTY




O R D E R


PER CURIAM

 In the afternoon of April 23, 2008, this Court received Relators' Emergency Motion
for Stay Pending Review of Petition for Writ of Mandamus. Relators requested this Court to
"immediately stay all district court orders affecting the status quo pending consideration of this
motion." The status quo that the Relators sought to have preserved was alleged to be the temporary
placement of the children ordered by the district court on April 9, 2008, which had restricted
placement of the children to the judicial district of the district court. The restriction originally
imposed by the district court, limiting the Department of Family and Protective Services' placement
of the children to the judicial district of the district court, was lifted by the court's order of April 22,
2008. The district court's April 22 Order on Placement of Children modified the court's April 9
order so as to allow the children to be placed at specified care facilities located in Texas, but outside
the judicial district of the district court. The concern expressed by Relators, the mothers of a number
of the children subject to the placement orders, in their application for emergency relief is that the
children will be separated from them while their request for mandamus relief before this Court is
pending--a concern that this Court takes very seriously.

 The complaint in the petition for writ of mandamus is that the hearing conducted by
the district court pursuant to Texas Family Code section 262.201 and which resulted in the district
court's order granting temporary sole managing conservatorship of the children to the Department
of Family and Protective Services was not sufficient to comply with statutory requirements. 
Significantly, among the deficiencies alleged by the Relators was that "the two-page order entered
by the trial court makes no specific findings as to any of the children or households and authorized
placements across Texas." This reference to a two-page order was to the district court's Order on
Placement of Children signed April 22, and a copy was attached to the Relators' application for
emergency relief. Relators' application for emergency relief appeared to indicate that the Order on
Placement of Children was the only order entered by the district court pursuant to the requirements
of section 262.201 and that the order did not, on its face, comply with the statutory requirements
of section 262.201.

 In fact, the two-page Order on Placement of Children dated April 22 was not the only
order entered by the district court as a result of the section 262.201 hearing. The district court also
entered an eight-page Temporary Order Following Adversary Hearing and Notice of Hearing. This
order was orally rendered by the district court on April 18 and rendered in written form on April 21. 
This order was not attached to or referenced in Relators' application for emergency relief. Upon the
request of this Court, the district court clerk forwarded to this Court a copy of the district court's
Temporary Order Following Adversary Hearing and Notice of Hearing in which the district
court makes explicit findings with respect to the requirements of section 262.201, temporary
conservatorship of the children, possession of and access to the children, temporary child support,
temporary medical support, access to medical records, the acquisition of information regarding
alternate caregivers who are relatives of the children, and the best interest of the children.

 The district court's order, on its face, addresses statutory requirements. Whether the
district court's order requiring the children to remain in the possession of the Department of Family
and Protective Services is supported by sufficient evidence, is the product of a sufficient "full
adversary hearing" as required by section 262.201, or is an abuse of discretion are questions for
determination on the merits of Relators' Petition for Writ of Mandamus. We express no opinion on
these issues at this time. The Court will take these matters up for consideration as part of its
expedited consideration of the Relators' Petition for Writ of Mandamus.

 We find that based on the information provided to this Court in the Relators'
application for emergency stay there is insufficient information to warrant granting temporary
emergency relief. The application for emergency stay is denied.

 This Court's order of April 23, 2008, is withdrawn. The oral argument previously
scheduled on Relators' application for emergency stay is cancelled. The Department of Family and
Protective Services is requested to file a response to the Relators' Petition for Writ of Mandamus
on or before May 2, 2008.

 Ordered April 25, 2008. 


Before Chief Justice Law, Justices Pemberton and Waldrop